**AMERICAN REFRIGERATOR TRANSIT COMPANY et al., Plaintiffs,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY CO. et al., Defendants.**

No. 73 C 854(4).

United States District Court, E. D. Missouri, E. D.

April 21, 1977.

---

Mark M. Hennelly, Charles P. Lippert, R. W. Yost, R. H. Stahlheber, Gen. Atty., Mo. Pac. R. Co., St. Louis, Mo., for plaintiffs.

Barry A. Short, St. Louis, Mo., U. S. Atty. by J. Patrick Glynn, St. Louis, Mo., for U. S.

Joseph B. Moore, St. Louis, Mo., for I.C.C.

Paul Brackman, Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Clayton, Mo., for Tidewater Southern Ry. Co. and The Western Pacific R. Co.

Richard M. Roessler, Roberts, Gundlach & Lee, Belleville, Ill., for Chicago & N. W. Transp. Co.

Charles E. Dapron Jr. and John P. Emde, St. Louis, Mo., for Illinois Cent. Gulf RR.

Coburn, Croft, Shepherd & Herzog, Richmond C. Coburn, Thomas L. Croft and G. Lane Roberts, Jr., St. Louis, Mo., for Louisville & Nashville R. Co., Seaboard Coast Line R. Co., Georgia Railroad, The Western Ry. of Ala., Columbia, Newberry & Laurens R.R., Soo Line R. Co., Canadian Pacific R.R., The Atchison, T. & S. F. Ry. Co. and Winston-Salem Southbound Ry.

George E. Lee, St. Louis, Mo., for Illinois Terminal R. Co., Southern Pacific Transp. Co., Union Pacific R. Co., Southern Ry. Co., St. Louis Southwestern Ry. Co., and Norfolk, Southern Ry. Co.

Robert E. Zimmerman and Robert K. Dreiling, Kansas City, Mo., and John P. Emde, St. Louis, Mo., for The Kansas City Southern Ry. Co.

G. Carroll Stribling, G. Carroll Stribling, Jr. and W. W. Dalton, Fordyce & Mayne, St. Louis, Mo., for Robt. W. Meserve and Benj. H. Lacy, Trustee of Boston & Maine Corp., The Baltimore & O. C. T. R. Co., The Baltimore & Ohio R. Co., The Chesapeake & Ohio Ry. Co., and Western Maryland Ry.

Albert E. Schoenbeck, St. Louis, Mo., for Norfolk & Western Ry. Co.

Robertson, Ely & Wieland, and Robt. C. Ely, St. Louis, Mo., John P. Emde of Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for separate defendants; Illinois Cent. Gulf R. Co., Chicago and North Western Transp. Co., Grand Trunk Western R. Co., Canadian National Rys., Soo Line Rd. Co., Canadian Pac. R.R., Southern Ry. Co., Norfolk & S. Ry., The Denver and Rio Grande Western R. Co., Chicago, R. I. & P. R. Co., Thomas F. Patton and Ralph S. Tyler, Jr., Trustees, Erie Lackawanna Ry. Co., and Richardson Dilworth and Andrew L. Lewis, Jr., Trustees, Reading Railway System.

Robertson, Ely & Wieland and Robt. C. Ely, St. Louis, Mo., for Missouri-Kansas-Texas R. Co.

Donal L. Turkal, St. Louis, Mo., for Quanah, Acme & Pacific Ry. Co., and St. Louis-San Francisco Ry. Co.

Charles E. Dapron and John P. Emde, St. Louis, Mo., for Chicago & N. W. Transp. Co., Grand Trunk Western R. Co., Canadian Nat'l Railways, Soo Line R. Co., Canadian Pacific Railroad, Southern Ry. Co., Norfolk Southern Ry., The Denver & Rio Grande Western R. Co., Chicago, R. I. & P. R. Co., Thomas F. Patton and Ralph S. Tyler, Jr., Trustees, Erie Lackawanna Ry. Co. and Richardson Dilworth and Andrew L. Lewis, Jr., Trustees, Reading Ry. System.

Lucas, Murphy & O'Keefe, Joseph A. Murphy, Anthony Kane, Frank S. Farrell, Curtis H. Berg, St. Paul, Minn., for Burlington Northern, Inc., Colorado & Southern Ry. Co., and Fort Worth & Denver Ry. Co.

Cassidy, Cassidy & Mueller, John E. Cassidy, Sr., Peoria, Ill., for defendant Toledo, Peoria & Western R. Co.

George H. Kleinberger, Albany, N. Y., for defendants Delaware and Hudson Ry. Co. and Napierville Junction Ry. Co.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the court upon the motion of plaintiff-intervenor, Interstate Commerce Commission, for summary judgment; upon the motion of plaintiffs for leave to add Consolidated Rail Corporation and William Gibbson, Trustee, Chicago, Rock Island and Pacific Railroad as parties-defendant, and to file a supplemental com-

plaint; and upon the motion of defendant Chicago, Rock Island and Pacific Railroad to dismiss, or alternatively, to stay proceedings as to it.

On March 17, 1975, the District Court for the Northern District of Illinois entered an order finding that Chicago, Rock Island and Pacific Railroad Company had filed a petition pursuant to 11 U.S.C. § 205 in good faith. The Court further ordered that

All persons and all firms and corporations, whatsoever and wheresoever situated, located or domiciled, hereby are restrained and enjoined . . . from interfering in any manner with the operation of said railroads, properties or premises or the carrying on of its business by the Debtor under the order of this Court and from commencing or continuing any proceeding against the Debtor, whether for obtaining or for the enforcement of any judgment or decree or for any other purpose . . . .

Accordingly, defendant Chicago, Rock Island and Pacific Railroad Company seeks to be dismissed from this suit, or alternatively, prays that the proceedings against it be stayed. The Court notes that with the exception of the motion for summary judgment filed by plaintiff-intervenor, all proceedings herein have been stayed. The issue presenting itself at this point, therefore, is whether this defendant should be dismissed or whether ruling on the motion for summary judgment should be stayed as to it.

Title 28 U.S.C. § 959(a) provides:

Trustees, receivers, or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same shall be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

It is the Court's conclusion, based on the above, that defendant Railroad should not be dismissed from this suit, nor should the present motion for summary judgment, which seeks no monetary award, be stayed as to this defendant. The reorganization court may, under the authority granted to it in § 959(a) enjoin this aspect of the suit. For the present, however, the stay of proceedings as to all parties on all matters other than the instant motion for summary judgment will remain; the requested stay of proceedings with reference to the intervenor's motion for summary judgment will be denied. *Cf., Thompson v. Texas Mexican Railway Co.*, 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132 (1946); *Diners Club, Inc. v. A. J. Bumb*, 421 F.2d 396 (9th Cir. 1970); *City of New York v. Patton*, 390 F.Supp. 1001 (S.D.N.Y.1975). Because a trustee has been appointed in connection with the reorganization, the Court will grant plaintiff's motion for leave to add said trustee as a party-defendant. The Court is also of the opinion that Consolidated Rail Corporation should be added as a party-defendant. *Cf., Cincinnati, N. O. & T. P. Ry. Co. v. Akron, C. & Y. Ry. Co.*, 353 I.C.C. 165, 170 (1976). Leave to file a supplemental complaint will also be granted.

Plaintiff-intervenor has filed a motion for summary judgment. In its complaint, it alleges that defendant railroads are all common carriers by rail engaged in interstate transportation for hire within the meaning of 49 U.S.C. § 1(1); that section 1(14)(b) of the Act provides that it is unlawful for any common carrier by rail or express company subject to Part I of the Act, after April 1, 1941, to enter into a contract for protective services for property transported in interstate commerce until such contract has been approved by the Commission; that 49 U.S.C. § 16(12) provides that the Commission may apply to any district court for the enforcement of Commission orders; that on August 27, 1962, the Commission issued an order requiring that new or superseding contracts be filed by all rail carriers receiving protective services under any contract; in February, 1972, the Commission stated that its 1962 order required all intermediate and terminating carriers to

enter into contracts with all persons rendering protective services; by order of the Commission dated June 15, 1976, the 1972 order was made applicable to all similar cases; and that none of defendants have complied with the 1962 order. Intervenor seeks an adjudication that defendants' failure to comply constitutes a violation of § 1(14)(b) of the Act and of orders of the Commission and an injunction restraining defendants from further violations of the order. In its motion for summary judgment, intervenor seeks an order of the Court requiring each defendant to enter into contracts with plaintiff American Refrigerator Transit Company within 45 days of the Court's order or within 45 days from the date on which intervenor determines which of the contracts submitted to it in *Pacific Fruit Express v. Akron, C. & Y. R. Co.*, 355 F.Supp. 700 (N.D.Cal.1973), *aff'd* 524 F.2d 1025 (9th Cir. 1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1107, 47 L.Ed.2d 315 (1976), conform to the 1962 and 1972 orders.

The prospective validity of the 1962 order, as interpreted in 1972 by the Commission, has already been determined. *Southern Railway Company v. United States of America*, 412 F.Supp. 1122 (D.D.C.1976); *Pacific Fruit Express Company, supra.* Since the present motion does not seek to recover any monetary award, nor does it seek any declaration of rights with reference to past compliance with the 1962 and 1972 orders, the Court is of the opinion that the above-cited cases mandate the entry of summary judgment herein.

In opposition to the motion, a number of defendants indicate that they are attempting to negotiate contracts but that plaintiff ART is unwilling to accept the same. These defendants also argue that any injunction against defendants would not impose any duty upon plaintiff to negotiate with defendants. It is the Court's conclusion that this does not relate to the propriety of granting summary judgment but goes only to the issue of the proper relief to be granted.

Defendant Norfolk and Western Railway has stated, with supporting affidavit, that it already has an approved agreement with plaintiff ART. Defendant Illinois Central Gulf Railroad Company points out that it is not included on the list of defendants to whom the instant motion is directed. Intervenor has not controverted any of these assertions and the Court must therefore conclude that summary judgment can not be granted as to these two defendants.

■ Defendant Kansas City Southern Railway Company states by affidavit that it has never entered into any contract, agreement or arrangement with any third persons for provision of protective services. By letter of April 11, 1977 directed to counsel for intervenor, this affidavit is explained. It appears that this defendant does have contracts relating to protective services but only with other regulated common carriers; it has none with non-regulated common carriers. This Court fails to perceive why this should preclude entry of summary judgment as to this defendant.

Defendants Canadian National Railways and Canadian Pacific Railroad oppose the motion on the ground that there is no jurisdiction with regard to railroads operating within Canada. These defendants have not claimed, however, that they do not operate within the United States, nor do they claim that there is no jurisdiction over them to the extent that they do operate in the United States. Accordingly, with reference to their operations within the United States, the Court is of the opinion that jurisdiction exists. 49 U.S.C. § 1(1).

It is the Court's opinion that summary judgment is appropriate as to all defendants not specifically excluded herein. The defendants who will be added as defendants this date will be included in the order granting summary judgment but will be given an opportunity to request reconsideration, should they so desire, within a specified time period.